**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| JULIE CHOLLY, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| UPTAIN GROUP, INC. ) and ALERE, INC. ) ) | |
| Defendants. ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, against the Uptain Group, Inc. ("Uptain") and Alere, Inc. ("Alere") for negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA") and against Uptain for its practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  The TCPA prohibits automated telephone calls to cellular telephones without prior express consent.  The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor and requires a debt collector to cease communications with a debtor if the debt collector knows that the debtor is represented by an attorney.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA).  Venue in this District is proper because the defendants transact business here.

## PARTIES

3.     Plaintiff Julie Cholly is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

4.     Defendant Uptain is an Alabama corporation that maintains its headquarters at 7037 Old Madison Pike, Suite 450, Huntsville, AL 35806. Uptain provides collection services to hospitals and physician practices.

5.     Defendant Alere is a medical devise and service provider that maintains its headquarters at 51 Sawyer Rd., Suite 200, Waltham MA 02453.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.     The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9.      On January 4, 2008, the FCC released a Declaratory Ruling wherein it held that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call….A third party collector may also be liable for a violation of the Commission's rules.")

## FACTS

10.     At all times relevant, plaintiff was an individual residing in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.     Plaintiff incurred an obligation to Alere to pay money, the primary purpose of which was for personal, family, or household uses, specifically medical services (the "Debt").

12.     Alere hired Uptain to collect the Debt from Plaintiff.

13.     Uptain uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts. Uptain is a "debt collector" as defined by the FDCPA.

14.     Uptain regularly attempts to collects, or attempts to collect, debts owed or due another.

15.     At all times relevant to this action, Uptain was retained to collect the Debt by Alere.

16. On July 31, 2014, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy, in a matter styled In Re: Frank D. Cholly, Julie A. Cholly, No. 14-28162-BWB. Among the creditors listed on Schedule F of Mrs. Cholly's bankruptcy petition was Alere for the debt she owed for medical services.

17. Accordingly, on August 6, 2014, Alere was sent, via first class mail, notice of the bankruptcy by the court.

18. The above-referenced notice from the Bankruptcy Court also notified all of Plaintiff's creditors that an automatic stay was in place for all collection actions against Plaintiff.

19. Despite being barred from contacting Plaintiff, Alere hired Uptain to contact Plaintiff in an attempt to collect a debt.

20. Notwithstanding the fact that Plaintiff had filed Bankruptcy and neither defendant had authorization to contact Plaintiff, Uptain contacted Plaintiff with a pre-recorded or artificial voice on Plaintiff's cellular telephone on behalf of Alere on numerous occasions between September 2014 and May 2015, including September 18, 2014, September 19, 2014, September 30, 2014, October 13, 2014, October 15, 2014, November 4, 2014, November 6, 2014, April 28, 2015, and May 29, 2015.

21. On October 15, 2014 Defendant Uptain telephoned Plaintiff on her cellular telephone and left the following voice message utilizing a prerecorded message or artificial voice:

> [Julie Cholly]. If we have reached the wrong number for this person, please call us toll free at 866-915-2404 to remove your phone number. If you are not [Julie Cholly] please delete this message and or hang up now. If you are [Julie Cholly] please continue to listen to this message. There will now be a pause in the message. (Music) [Julie] you should not listen to this message so that other can people can hear it as it contains personal and private information. There will now

be a pause in this message to allow you to listen to it in private. (Music) This is a message from the Upton Group, a professional debt collection agency. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact our office about an important business matter at 866-661-2758. That number again is 866-661-2758. Thank you.

22. On November 4, 2014 Defendant Uptain telephoned Plaintiff on her cellular telephone and left the following voice message utilizing a prerecorded message and artificial voice:

… or hang up now. If you are [Julie Cholly] please continue to listen to this message. There will now be a pause in the message. (Music) [Julie] you should not listen to this message so other people can hear it as it contains personal and private information. There will now be a pause in this message to allow you to listen to it in private. (Music) This is a message from the Upton Group, a Professional Debt Collection Agency. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact our office about an important business matter at 866-661-2758. That number again is 866-661-2758. Thank you.

23. On April 28, 2015 Defendant Uptain telephoned Plaintiff on her cellular telephone and left the following voice message utilizing a prerecorded message and artificial voice:

… or hang up now. If you are [Julie Cholly] please continue to listen to this message. There will now be a pause in the message. (Music) [Julie] you should not listen to this message so other people can hear it as it contains personal and private information. There will now be a pause in this message to allow you to listen to it in private. (Music) This is a message from the Upton Group, a professional debt collection agency. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact our office about an important business matter at 866-661-2758. That number again is 866-661-2758. Thank You.

24. All telephone contact by Defendants to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system" utilizing a "pre-recorded or

artificial voice," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

25. The telephone number that Defendants used to contact Plaintiff, with an "automatic telephone dialing system" utilizing a "pre-recorded or artificial voice," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's cellular phone utilizing a "pre-recorded or artificial voice," within the meaning of 47 U.S.C. § 227(b)(1)(A).

28. The Defendant's telephone calls to Plaintiff's cellular phone were placed by an "automatic telephone dialing system" utilizing a "pre-recorded or artificial voice," for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

## COUNT I – CLASS TCPA CLAIMS (CELLULAR CALLS)

29. Plaintiff incorporates the above factual allegations herein.

30. The Defendants made telephone calls to the wireless telephone numbers of Plaintiff and the other members of the class using artificial or prerecorded voice as evidence by the above calls that make it clear no live person was on this call.

31. These phone calls were made without the prior express consent of Plaintiff or the class.

32. The defendants therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other

than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of the Defendants' illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

33. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting the Defendants' violations of the TCPA in the future.

### COUNT II Violations Of The FDCPA Via Improper Collection Calls, Attempting To Collect On A Debt Included In A Bankruptcy From A Consumer Represented By Counsel

34. Plaintiff incorporates the above factual allegations herein.

35. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Demanding payment of a debt that is no longer owed, due to a bankruptcy, constitutes the use of false and/or deceptive or misleading representations or means in connection with the collection of a debt, in violation of § 1692e of the FDCPA, see, Randolph, 368 F3d at 728-730.

36. Defendants, by continuing to attempt to collect a debt from Plaintiff which was subject to her bankruptcy, via telephone calls and text messages to her cell phone, used false and/or deceptive or misleading means to attempt to collect a debt, in violation of § 1692e of the FDCPA.

37. Moreover, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

38. Here, the bankruptcy and the notice issued by that court told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

39. Additionally, § 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

40. Defendants were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with her debts. Accordingly, Defendants were aware of Plaintiff's bankruptcy before it made the collection phone calls and texts. By continuing to call and text Plaintiff directly, despite direct, written notice that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

41. Defendants' violations of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

42. Plaintiff proposes the following class definitions, subject to amendment as appropriate:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Uptain placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) on or after June 9, 2011 (6) with respect to a debt allegedly owed to Alere (7) where Uptain did not have express consent to call said cell phone numbers OR where consent had been revoked for any such calls.

The TCPA Bankruptcy Stay Sub-Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Uptain placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) with respect to a debt allegedly owes to Alere (6) within 4 years of the complaint (7) during the period of an automatic stay from a Bankruptcy Court.

The TCPA Cease Communication Represented By Attorney Sub-Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Uptain placed a non-emergency telephone (4) using an artificial or prerecorded voice (5) with respect to a debt allegedly owed to Alere (6) within 4 years of the complaint (7) where Uptain or Alere received written notice that the person was represented by an attorney and to cease communication.

The FDCPA Sub-Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Uptain placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within 1 year of the complaint (6) while that person's debt was subject to or discharged in a bankruptcy or was subject to a notice of attorney representation, or was subject to a cease communication request.

43. Plaintiff does not know the exact number of members in the Class and sub-classes, but based upon the representations of defendant, plaintiff reasonably believes that class members number at minimum in the tens of thousands.

44. Plaintiff and all members of the class and sub-classes have been harmed by the acts of the defendants.

45. This Class Action Complaint seeks money damages and injunctive relief.

46. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by the defendants.

47. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether the Defendants engaged in a pattern of using pre-recorded voices to place calls to cellular telephones;

    b. Whether the Bankruptcy Court's Automatic Stay and/or the Discharge Injunction revoked consent for any calls to be placed to cellular telephone numbers;

    c. Whether the Defendants thereby violated the TCPA;

    d. Whether Defendants ignored notices of consumer's bankruptcy filings or attorney representation and/or cease communications and instead kept calling and texting those consumers; and,

    e. Whether Defendants thereby violated the FDCPA.

48. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and she has no interests which are antagonistic to any member of the class or sub-classes.

49. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

50. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against the defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

51. The Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against the defendants for:

a. As a result of the Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b. As a result of the defendants' willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.  Injunctive relief prohibiting such violations of the TCPA by the defendants in the future;

    d.  An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

    e.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

    f.  Such other relief as the Court deems just and proper.

            Respectfully submitted,

            /s/ Keith J. Keogh
            One of Plaintiff's attorneys

Keith J. Keogh
Michael Hilicki
Timothy J. Sostrin
Katherine Bowen
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

David J. Philipps
Mary E. Philipps
Angie K. Robertson
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
DavePhilipps@aol.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh