IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE CHOLLY, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UPTAIN GROUP, INC. and ALERE HEALTH, LLC, )<br>)<br>Defendants. ) | Case No. 15 C 5030<br><br>Judge Robert W. Gettleman |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Julie Cholly, an Illinois citizen, filed a two-count first amended complaint against defendants Uptain Group, Inc. ("Uptain") and Alere Health, LLC ("Alere"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (Count I), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count II).[1] Defendants each filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[2] and motions to strike class allegations pursuant to Fed. R. Civ. P. 12(f).[3] For the reasons discussed below, the court grants defendants' motions in part and denies them in part.

---

[1]Plaintiff states in her response to Alere's motion to dismiss that she did not assert an FDCPA claim against Alere, but a review of her amended complaint clearly indicates otherwise. Nonetheless, plaintiff is no longer pursuing the FDCPA claim against either defendant.

[2]Plaintiff has voluntarily dismissed Count II in response to Uptain's motion to dismiss, mooting defendants' motions to strike class allegations with respect to this count.

[3]The court notes that defendants moved to strike plaintiff's class allegations pursuant to Fed. R. Civ. P. 23. Motions to strike allegations in a pleading, however, are made pursuant to Rule 12(f).

## BACKGROUND[4]

At an unspecified time, plaintiff incurred a debt (the "Debt") to Alere, a medical services provider. On July 31, 2014, plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy, listing Alere as one of her Schedule F creditors. On August 6, 2014, the bankruptcy court sent Alere, via first class mail, notice of plaintiff's bankruptcy petition, stating that an automatic stay was in place for all collection actions against plaintiff. Despite the stay, which plaintiff alleges barred Alere from contacting her, Alere allegedly hired Uptain to collect the Debt.

Plaintiff alleges that Uptain contacted her, for non-emergency reasons, with a prerecorded or artificial voice on her cellular telephone attempting to collect the Debt on Alere's behalf on September 18, 2014, September 19, 2014, September 30, 2014, October 13, 2014, October 15, 2014, November 4, 2014, November 6, 2014, April 28, 2015, and May 29, 2015. Plaintiff alleges that she did not provide either defendant consent to contact her.

## DISCUSSION

**I.     Motion to Dismiss**

    **A.     Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic

---

[4]The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**B.     Analysis**

Count I of plaintiff's amended complaint alleges that defendants violated § 227(b)(1)(A)(iii) of the TCPA, which prohibits calls — other than calls made for emergency purposes or made with the prior express consent of the called party —made using an automatic telephone dialing system or artificial or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii). First, defendants argue that plaintiff's complaint should be dismissed because she fails to allege that defendants did not have consent to contact her. Plaintiff's amended complaint, however, explicitly alleges that "neither defendant had authorization to contact [p]laintiff." Accordingly, defendants' motions to dismiss are denied with respect to this argument.

Relying on a referral form submitted as exhibit A to Alere's motion to strike, defendants argue that plaintiff did in fact consent to Alere contacting her. However, because the form is neither referred to in the amended complaint nor central to it, the court will not consider it. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). Although there are exceptions to this rule, defendants do not attempt to argue that the referral form should qualify as one.

Defendants also argue "that [p]laintiff had a relationship with Alere such that she consented to receive calls and never revoked that consent." Defendants, however, do not elaborate on the nature of the "relationship," nor do they cite to any authority in support of this argument. Instead, they rely on inapposite cases. For example, in Baisden, the plaintiffs' TCPA claims were defeated on summary judgment in light of signed "Patient Consent and Authorization" forms, which included release of information and acknowledgment of notice of privacy practices clauses. Baisden v. Credit Adjustments, Inc., 2015 WL 1046186, at *1-2 (S.D. Ohio 2015). Similarly, in Mais the plaintiff's wife provided his demographic and insurance information, including his cell phone number, and signed an admission form which expressly stated that the hospital would be able to release the plaintiff's information "for [the] purposes of treatment, payment or healthcare operations." Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1113-4 (11th Cir. 2014); see also In re Runyan, 530 B.R. 801, 804 (Bankr. M.D. Fl. 2015) (the defendant voluntarily listed his cell phone number on his loan application); see also Robinson v. Green Tree Servicing, LLC, 2015 WL 4038485, at *2 (N.D. Ill. 2015) (the plaintiff listed his cell phone number as a contact number on his mortgage documents).

Defendants next argue that plaintiff's allegations concerning consent are contradicted by the factual allegations regarding her bankruptcy and the resulting automatic stay. Defendants claim that "[p]laintiff is asserting that her bankruptcy filing revoked the consent that she gave; thus, she cannot simultaneously claim that there was no consent to begin with." The Seventh Circuit has held that a party may make as many alternative claims as she wishes in her pleading, even if they are inconsistent, and the pleading will be sufficient if any of the claims are sufficient. Peterson v. McGladrey & Pullen, LLP, 676 F.3d 594, 597 (7th Cir. 2012); see also

4

Fed. R. Civ. P. 8(d)(2)-(3). Accordingly, plaintiff's factual allegations concerning the bankruptcy stay — which plaintiff appears to argue were pled in the alternative to her non-consent theory — do not defeat her complaint.

Despite the fact that Count I of plaintiff's complaint sufficiently states a claim for relief with respect to her non-consent allegations, in light of defendants' motions to strike, the court also analyzes the legal sufficiency of plaintiff's alternative claim that the bankruptcy stay revoked any consent she may have given. According to plaintiff, the automatic stay issued by the bankruptcy court in her Chapter 7 bankruptcy proceeding effectively revoked any consent she might have given to Alere to contact her. The Federal Communications Commission ("FCC") has held that "consumers may revoke consent in any manner that clearly expresses a desire not to receive further messages."[5] In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd 7961, 7996 ¶ 63 (2015) (F.C.C. 2015) ("FCC 2015 Rules"). Plaintiff argues that "any manner" includes notice sent by a bankruptcy court to a caller that an automatic stay is in place.[6] The court rejects this interpretation of the FCC's order. To begin, the FCC's order provides that the consumer, not a third party, may revoke any prior consent that was given to the caller. Similar to In re Runyan, plaintiff may have, at best, implicitly revoked her consent.

---

[5]Plaintiff's claim must be evaluated subject to the FCC's rules and regulations. District courts, under the Hobbs Act, are prohibited from reviewing FCC regulations' validity, and must adhere to them. See CE Design, Ltd. v. Prism Business Media, Inc., 606 F.3d 443, 449 (7th Cir. 2010).

[6]The Court has considered plaintiff's motion to file supplemental authority in support of her memorandum in opposition to defendants' motions to dismiss, Dkt. 79, but the cited case, Ananthapadmanabhan v. Bsi Fin. Servs., 2015 WL 8780579 (N.D. Ill. 2015), is inapposite because its analysis is limited to the plaintiffs' claim that the defendant violated the automatic bankruptcy stay.

5

In re Runyan, 530 B.R. at 807 (holding that plaintiffs did not revoke consent by telling caller to direct calls to their lawyer). In addition, the section of the order plaintiff relies on is predominantly related to a caller's inability to limit how the consumer may revoke consent.

Thus, defendants' motions to dismiss are denied as they relate to plaintiff's claim that she did not consent to defendants contacting her, but defendants' motions to dismiss are granted as they relate to plaintiff's claim that any consent she may have given was revoked by the automatic stay.[7]

## II.     Motion to Strike Class Allegations

In addition to her individual claims, plaintiff also brings her action under Rule 23(b)(2) and Rule 23(b)(3). Rule 23(b)(2) permits class actions when the main relief sought is injunctive or declaratory relief only. In re Allstate Ins. Co., 400 F.3d 505, 507 (7th Cir. 2005). Rule 23(b)(2) does not apply to plaintiff's TCPA claim because every violation of the TCPA creates statutory damages. Wolfkiel v. Intersections Ins. Servs. Inc., 303 F.R.D. 287, 293 (N.D. Ill. 2014). In these types of cases an injunction would create only an evidentiary foundation for later determinations of liability. Kartman v. State Farm Mut. Auto. Ins. Co., 634 F.3d 883, 893 (7th Cir. 2011). Therefore, to the extent that plaintiff seeks injunctive relief for her putative class, those allegations are stricken.

---

[7]In light of the court's order with respect to the motions to dismiss, defendants' motions to strike class allegations with respect to plaintiff's proposed TCPA Bankruptcy Stay Sub-Class is granted.

Since plaintiff voluntarily dismissed her FDCPA and TCPA Cease Communications Sub-Classes,[8] and her revocation claim is dismissed, her non-consent class claim (the claim based on her allegation that she never consented to either defendant contacting her) is the only remaining potential class. Although courts may strike class allegations at the pleading stage when they are "facially and inherently deficient," courts will not do so when the dispute is factual and discovery is needed. Buonomo v. Optimum Outcomes, Inc., 301 F.R.D. 292, 295 (N.D. Ill. 2014). As discussed previously, defendants argue that a referral form submitted as exhibit A to Alere's motion to strike class allegations demonstrates plaintiff consented to defendants contacting her. This claim, however, cannot be evaluated until discovery has been conducted because plaintiff's signature is not on the referral form, nor is it clear that plaintiff, and not her doctor, filled out the form. See Mais 768 F.3d at 1113-4; see also Baisden, 2015 WL 1046186, at *1-2. Because it would be premature to strike plaintiff's non-consent class allegation, see Buonomo 301 F.R.D. at 295, the court denies defendants' motions to strike with respect to this class allegation.

Thus, plaintiff's putative non-consent class allegation is the only remaining putative class allegation.

## **CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss and motions to strike class allegations are granted in part and denied in part. Defendants' motions to dismiss are granted

---

[8]Plaintiff does not dispute Alere's arguments against her proposed TCPA Cease Communication Sub-Class, and in her response to Uptain's motion to strike, stated that she would not seek certification of any of the sub-classes besides the Bankruptcy Stay Sub-Class.

with respect to plaintiff's FDCPA claim and revocation claim, and denied with respect to plaintiff's non-consent claim.  Defendants' motions to strike class allegations are granted with respect to any class allegations concerning revocation of consent, including plaintiff's TCPA Bankruptcy Stay Sub-Class and TCPA Cease Communications Sub-Class, and denied with respect to plaintiff's putative non-consent class allegation.  Plaintiff is ordered to file an amended complaint conforming to this order on or before January 15, 2016.  Defendants' responsive pleadings shall be filed by February 8, 2016.  The parties are ordered to submit a joint status report using this court's form on or before February 15, 2016.  This matter is set for a status report on February 18, 2016, at 9:00 a.m.


**ENTER:  December 22, 2015**

_____
**Robert W. Gettleman**
**United States District Judge**